**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARL FOUST, | No. 2:21-CV-0540-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CALIFORNIA MEDICAL FACILITY, | |
| Defendant. | |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint.  In the caption, Plaintiff lists the following as Defendant: "On the School, Elementuary [sic]; 1983 on the School for the Elementuary [sic]; Hiep [sic] for Me."  ECF No. 1, pg. 1.  In Section B, "Defendants," Plaintiff lists:  "Elemtuary [sic] School" "on 97th in Vermont" and references the California Medical Facility.  Id. at 2.  Plaintiff presents three "claims."  See id. at 3, 4, 5.  A recitation of one of Plaintiff's "claims" suffices to convey the nature of Plaintiff's allegations:

> I am under Armstrong/Clark remedleia act per court order.  I am also (A.D.A.).  I am DOP1. And CCCMS and high risk medicl.  I need these addresses to all these pitone #s to the Boy Scouts.  I need them due tom having a deadline with the courts.  This happen to me twice.  Scuide watch because I was in the Woodcrust Rangers for the Boy Scouts.  That happen over 56 years ago when I was 5 in ELEMENUARY school on 97th in Vermont in the Boy Scouts.  I have been having problems with it ever since.  I had an inmate on the tier write me a letter.  He's been terling everyone on the tuer that I'm gay.  I even talked to the psych before.  I talked to him.  I was an suicide watch.  The psych never helped me after she told me she would.  I'm going to get and give it to you can't you a letter to me and MRS Bertha Crooms 1907 W. 66th St. West Los Angeles, CA 90047-1717 and me Car Foust, CDCR# 155643 P.O. Box 2500 Vacaville, CA 95696-2500, and I can you as letter Bertha Crooms call you before the bead for me I file 1983 on the Boy Scouts and the School.

Id. at 3 (errors in original).

Plaintiff's other two "claims" are similarly challenging to decipher.  See id. at 4, 5.

/ / /

/ / /

/ / /

/ / /

/ / /

2

## II. DISCUSSION

Plaintiff's complaint is defective. Perhaps most notably, Plaintiff has not named any individuals alleged to be responsible for a violation of Plaintiff's constitutional or statutory rights. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

To the extent he is able to do so, Plaintiff will be provided an opportunity to file an amended complaint which articulates cognizable constitutional claims against named individuals.

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: August 9, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4