IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA MEDICAL FACILITY,<br><br>    Defendant. | No. 2:21-CV-0540-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 29, for the appointment of counsel and an investigator.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  While Plaintiff has had some difficulty articulating the facts underlying his claims, the record reflects that Plaintiff has been able to articulate requests for extensions of time, has been able to file documents with the Court, and has been able to articulate himself in the instant motion for appointment of counsel.  In the instant motions, Plaintiff states that appointment of counsel is necessary in order to "find the names of all the wardens in the 12 prisons I've been in, with dates & times." ECF No. 29, pg. 1.  The Court finds this reason does not establish an exceptional circumstance for appointment of counsel or an investigator.

Plaintiff's filings suggest that he is experiencing difficulty meeting the Court's deadline for filing a second amended complaint due to a COVID-19 lock-down and associated lack of access to the prison law library.  The Court has accommodated this situation by granting Plaintiff additional time to file a second amended complaint, as provided by separate order issued herewith.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel and an investigator, ECF No. 29, is denied.

Dated: January 28, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE