IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>                    Plaintiff,<br><br>         v.<br><br>TRENT ALLEN, et al.,<br><br>                    Defendants. | No.  2:21-CV-0540-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint, ECF No. 68.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner at Salinas Valley State Prison (SVSP). See ECF No. 68 at 1. Plaintiff names the following as defendants: (1) Trent Allen, Warden; (2) Dr. Sui Quineoa; (3) Martinez A.; and (4) Avilla, correctional officer and DDP official. Id. at 1. Plaintiff no longer names the California Medical Facility as a defendant. Plaintiff did not include a request for relief. See id. at 6. However, Plaintiff does contend that the alleged harms have had "an increasingly adverse effect on [his] health and well-being." Id. at 3.

Plaintiff's first claim asserts that his medical issues were ignored by SVSP officials when he arrived at the prison. Id. at 3. He claims he was unable to eat due to his medical issues, has trouble swallowing, and requires x-rays on his throat. Id. Plaintiff also asserts he needs the assistance of a speech therapist. Id. Plaintiff had been at SVSP more nineteen days at the time of authoring the complaint. Id.

When Plaintiff had an alleged surgery on his eye in February 2022, he contends that the doctor put a contact in his eye, and now he cannot see out of that eye. Id. Plaintiff's doctor informed him that it would take several weeks to heal, and he was scheduled for a third surgery in August 2022. Id.

///
///
///

Plaintiff next contends that he has been transferred to fifteen prisons and that he must restart the process of seeking medical treatment each time he is transferred to a new facility. Id. He claims these transfers are retaliation due to Plaintiff filing 602 appeals, other documents, and his medical issues and treatment. Id.

According to Plaintiff, there are no toilets on the yard at SVSP. Id. Plaintiff alleges he is "D.D.P"[1] and "D.P.W",[2] and that toilets are necessary for inmates, like Plaintiff, in wheelchairs and walkers. Id.

The fourth allegation made by Plaintiff regards Defendant Martinez mistakenly giving Plaintiff's specialized meals to another inmate. Id. Plaintiff claims that this had an adverse effect on his health and well-being. Id.

Plaintiff's next claim appears to be a quotation from a "10/22/03 memorandum titled Equally Effective Communication (Revised)." See id. at 4. Plaintiff does not place the memorandum in context and does not make any allegations about the memorandum, though he states not getting a response as how he was injured.

The final claim alleged by Plaintiff is in regard to David B. Kaye, an alleged eye doctor who is not named as a defendant in Plaintiff's claim. Id. at 5. When Plaintiff went to see Dr. Kaye, the doctor told Plaintiff to "put [his] mask on, we don't want to get monkey pox." Id. Plaintiff contends this was a racial slur that made him uncomfortable. Id. at 6.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1]  In light of Plaintiff's claims of medical issues, the Court believes Plaintiff is claiming he is a Disability Placement Program, DPP, and not D.D.P.
[2]  DPW is amongst the Disability Placement Codes noted by the Prison Law Office.

## II.  DISCUSSION

Plaintiff's claims are not currently cognizable. He will be given leave to further amend his complaint.

### A.  Medical Issues

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges his medical issues were ignored upon transferring to SVSP. ECF No. 68 at 3. As a result of the ignored issues, Plaintiff was unable to eat for nineteen days. Id. Although Plaintiff allegedly suffered an injury that is a cognizable constitutional violation, he does not specify who is responsible for him not eating. See id. The allegation must be made against an individual, not just describe an injury. See 42 U.S.C. § 1983.

Plaintiff also alleges that he had eye surgery that resulted in him being blind in one eye. ECF No. 68 at 3. It seems Plaintiff is receiving continuing treatment for his eye, as he had a scheduled surgery. See id. Regardless, the poor outcome of medical treatment alone is insufficient to sustain a claim. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff must allege the prison official acted unnecessarily and wantonly for the purpose of inflicting harm. Id. Plaintiff does not do so here. See ECF No. 68 at 3.

///

**B. Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11.  By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id.  This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09.  Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element.  Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

///

1    Plaintiff claims his transfers to fifteen prisons, where each time he must restart the
2 process of obtaining medical treatment, are the result of retaliation. ECF No. 68 at 3. Plaintiff
3 believes he is being retaliated against for Plaintiff filing 602 appeals, other documents, and his
4 medical issues and treatment. Id. Although Plaintiff allegedly suffered an injury that is a
5 cognizable constitutional violation, he does not specify who retaliated against him. See id. As
6 explained above, the allegation must be made against an individual, not just describe an injury.
7 See 42 U.S.C. § 1983.

### C. Prison Conditions

"The Constitution 'does not mandate comfortable prisons.'" Farmer, 511 U.S. at 832 (quoting Rhodes, 452 U.S. at 349); see also Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes, 452 U.S. at 347; Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint, 801 F.2d at 1107; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the court

should also consider the amount of time to which the prisoner was subjected to the condition. See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005).

Plaintiff alleges he did not have access to toilets in the yard he was assigned to, which was especially challenging for those like Plaintiff who use a walker or wheelchair. ECF No. 68 at 3. Plaintiff does not provide any further details, such as whether he could access a toilet outside the yard or for how long he was expected to go without use of a toilet. See id. Plaintiff again just describes a potential injury and does not make the required allegation against an entity. See 42 U.S.C. § 1983.

Plaintiff also alleges Defendant Martinez mistakenly gave Plaintiff's specialized meal to another inmate. ECF No. 68 at 3. An isolated mistake causing the missing of one meal is insufficient to sustain an Eighth Amendment claim. Toussaint, 801 F.2d at 1107.

### D. Harassment

Allegations of verbal harassment generally do not state a claim under the Eighth Amendment. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, "[v]erbal harassment may violate the Constitution when it is 'unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage.'" Cox v. Kernan, 2019 WL 6840136, *5 (E.D. Cal. Dec. 16, 2019) (quoting Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)).

Despite Keenan, courts appear to be reluctant to recognize even a verbal sexual harassment claim under the Eighth Amendment. For example, while a "defendant's alleged statement telling plaintiff to show him her tits would clearly be highly inappropriate, deeply offensive and disrespectful, and would serve no legitimate penological objective, court decisions addressing such claims do not support a conclusion that those alleged comments can be characterized as 'unusually gross even for a prison setting' or as being calculated to cause plaintiff psychological damage.'" Moore v. Calderon, 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021) (citing Patrick v. Hernandez, 2018 WL 5095130, at *1, *3 (E.D. Cal. Oct. 17, 2018) (finding that plaintiff failed to state a claim for verbal sexual harassment in violation of the Eighth

8

Amendment despite his allegations that defendant verbally harassed him by telling plaintiff, *inter alia*, to "suck my dick," "lick my nuts," and "you want it in the ass"). The court in Moore cited at least ten other cases supporting the proposition that highly inappropriate comments of a sexual nature do not give rise to a verbal harassment claim under the Eighth Amendment. See Moore, 2021 WL 1541296, at *2. The court went on to say:

> The comments allegedly made by the defendant here are obviously highly offensive and completely and totally inappropriate. In light of the sheer number of cases in which such highly inappropriate comments of a sexual nature are allegedly made in the prison setting, perhaps it is time for the Ninth Circuit to reevaluate and address the contours of those circumstances in which the comments are sufficiently "gross even for a prison setting" and to lead to an inference of being calculated to cause psychological damage, so as to state a cognizable Eighth Amendment claim. Until and unless that happens, however, "unfortunately for plaintiff, the law is clear: verbal harassment, even if sexual in nature, does not without more violate the Constitution."

Id. (citations omitted).

Allegations of name-calling, verbal abuse, or threats generally are also not unusually gross for a prison setting. See Carpenter v. Molina, 2021 WL 2226635, at *3 (E.D. Cal. June 2, 2021). Thus, a defendant's threats to kill or harm a plaintiff are insufficient, without more, to give rise to a cognizable verbal harassment claim. See Bailey v. Soto, 2019 WL 4452970, at *7-9 (C.D. Cal. July 10, 2019).

However, "[a] threat of deadly force made merely to inflict gratuitous fear and punishment when the party has both the opportunity to carry out the threat and evidences the intent to do so does state a cognizable claim under the Eighth Amendment." Oliver v. Noll, 2012 WL 2055033, at *2 (N.D. Cal. June 5, 2012) (citing Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992) (pointing gun at inmate's head and threatening to shoot amounts to cognizable Eighth Amendment claim; and Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language states first amendment, due process and equal protection claims)). Further, where there is a threat of non-deadly force where, for example, a defendant aims a weapon at a plaintiff "for the malicious purpose of inflicting gratuitous fear", there is a cognizable Eighth

Amendment claim.  See Parker v. Asher, 701 F. Supp. 192, 195 (D. Nev. 1988) (holding that "guards cannot aim their taser guns at inmate for the malicious purpose of inflicting gratuitous fear.  Allegations of such sadistic conduct state a cognizable claim of cruel and unusual punishment.").

Where cases are concerned with "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"  Carpenter, 2021 WL 2226635, at *3 (quoting Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997)) (quoting Oltarzewski, 830 F.2d at 139) (alterations omitted), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

The court in Zavala applied this standard.  Zavala v. Barnik, 545 F. Supp. 2d 1051 (C.D. Cal. 2008).  There, a guard allegedly screamed profanities at an inmate "in regard to Plaintiff's ethnic/racial background," and, while denying the inmate a roll of toilet paper, stated that "it's because of you people that the State is in a budget crisis, you'll have to use the restroom and wipe your ass with your finger!"  Id. at 1054.  The court held that the "alleged comments about Plaintiff's racial, ethnic, or alienage background did not state a claim."  Id. at 1059.

Plaintiff claims that Dr. Kaye (who is not listed as a defendant) made a racial slur when he told Plaintiff to "put [his] mask on, we don't want to get monkey pox."  ECF No. 68 at 6.  Even if a slur, it is insufficient to sustain a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

**E. Vagueness**

It is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.  Plaintiff apparently cites from a memorandum but gives it no context and makes no allegations.  See ECF No. 68 at 4.  To the extent the Plaintiff intends to make a claim about the memorandum, it is currently too vague for this Court to evaluate.

///

///

### F. Defendant Avilla

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The complaint lists Avilla as a defendant but does not mention Avilla in the body of the complaint. See ECF No. 68. Because no specific causal link has been alleged against Defendant Avilla, no claim can be sustained against Defendant Avilla.

### G. Defendant Allen

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

11

1    When a defendant holds a supervisory position, the causal link between such
2 defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.
3 Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
4 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in
5 civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
6 Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the
7 official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.
8    Because there are no allegations Defendant Allen participated in a violation
9 against Plaintiff, no claim against Defendant Allen can be sustained.  See Taylor v. List, 880 F.2d
10 1040, 1045 (9th Cir. 1989).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's second amended complaint is dismissed with leave to amend; and

    2. Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.

Dated:  August 9, 2023

                _____
                DENNIS M. COTA
                UNITED STATES MAGISTRATE JUDGE