IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST,<br><br>                Plaintiff,<br><br>        v.<br><br>CALIFORNIA MEDICAL FACILITY,<br><br>                Defendant. | No.  2:21-CV-0540-DJC-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 80.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that appointment of counsel is warranted because he is blind on one eye, has dyslexia, and has experienced head trauma. Plaintiff also alleges low cognitive functioning. The documentation attached to Plaintiff's motion, however, indicates that, while he has a low score in the area of basic education, Plaintiff does not have a learning disability. As to Plaintiff's blindness, the documentation does not establish any limitation associated with this disability. Plaintiff's motion fails to establish that his impairments constitute an exceptional circumstance preventing him from prosecuting this action pro se.

Further, a review of Plaintiff's filings to date reflects that, despite blindness on one eye and dyslexia, Plaintiff has been able to sufficiently articulate his claims on his own. Next, given that the Court has determined that Plaintiff's most recent amended complaint fails to state cognizable claims, the Court cannot say that Plaintiff has established a likelihood of success on the merits.

Given the concurrently pending order of the Court that Plaintiff prepare an amended complaint, the Court will sua sponte extend the deadline to file an amended complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for the appointment of counsel, ECF No. 80, is denied.

2. Plaintiff shall file a third amended complaint consistent with the Court's August 10, 2023, order, ECF No. 79, within 30 days of the date of this order.

Dated:  September 1, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE