# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL FOUST, | No. 2:21-CV-0540-DJC-DMC-P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CALIFORNIA MEDICAL FACILITY, et al. | and |
| Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court are Plaintiff's three separate filings, docketed respectively at ECF No. 99 as "Third Amended Complaint," at ECF No. 100 as "Fourth (entitled Third) Amended Complaint," and at ECF No. 103 as "Fifth (entitled Third) Amended Complaint." As explained below, the Court finds that Plaintiff's filing at ECF No. 100 is the operative amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. <u>See</u> <u>Olivas v. Nevada ex rel. Dep't of Corr.</u>, 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or

portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Plaintiff's Prior Pleadings

Plaintiff initiated this action with a pro se complaint filed on March 21, 2021. See ECF No. 1.  In addressing the original complaint, the Court noted as follows:

> . . .In the caption, Plaintiff lists the following as Defendant: "On the School, Elementuary [sic]; 1983 on the School for the Elementuary [sic]; Hiep [sic] for Me." ECF No. 1, pg. 1. In Section B, "Defendants," Plaintiff lists: "Elemtuary [sic] School" "on 97th in Vermont" and references the California Medical Facility. Id. at 2.

ECF No. 13, pg. 2 (first screening order).

Given the reference to the "California Medical Facility" on page 2 of the original complaint, the California Medical Facility (CMF) was listed on the docket as the named defendant.  Plaintiff presented three claims which the Court found difficult if not impossible to decipher. See id. at 3. The original complaint was dismissed with leave to amend. See id.

///

///

///

2

1  Plaintiff filed a first amended complaint on August 26, 2021.  See ECF No. 14.
2  This filing did not list any named defendants.  See id.  Again, in addressing the sufficiency of this
3  filing as an amended complaint, the Court found Plaintiff's allegations challenging to decipher.
4  See ECF No. 21 (second screening order).  The Court advised Plaintiff of the requirement that he
5  alleges facts to establish a causal link between named defendants and claimed constitutional
6  violations.  See id. at 2-3. Plaintiff was also advised that CMF, which was the only defendant
7  listed on the docket, is immune under the Eleventh Amendment.  See id.  The first amended
8  complaint was dismissed with leave to amend.  See id. at 3.

9  After numerous extensions of time, Plaintiff filed a second amended complaint on
10  August 5, 2022.  See ECF No. 59.  On August 8, 2022, Plaintiff filed a supplement.  See ECF No.
11  60.  On August 17, 2022, the Court deemed the August 5, 2022, filing a timely second amended
12  complaint, but provided Plaintiff the opportunity to inform the Court whether he wished instead
13  to proceed on the supplement filed on August 8, 2022, or filing a new combined pleading as his
14  operative second amended complaint.  See ECF No. 65.

15  On September 30, 2022, Plaintiff elected to file a new operative second amended
16  complaint.  See ECF No. 68.  At the time of the filing of this pleading, Plaintiff was housed at
17  Salinas Valley State Prison (SVSP).  See id. at 1.  In the second amended complaint, Plaintiff
18  named the following as defendants: (1) Trent Allen, Warden; (2) Dr. Sui Quineoa; (3) Martinez;
19  and (4) Avilla. See id.  Plaintiff no longer named CMF.  See id.  The Court summarized the
20  allegations in the second amended complaint at ECF No. 68 as follows:

> Plaintiff's first claim asserts that his medical issues were ignored by SVSP officials when he arrived at the prison. Id. at 3. He claims he was unable to eat due to his medical issues, has trouble swallowing, and requires x-rays on his throat. Id. Plaintiff also asserts he needs the assistance of a speech therapist. Id. Plaintiff had been at SVSP more nineteen days at the time of authoring the complaint. Id.
> When Plaintiff had an alleged surgery on his eye in February 2022, he contends that the doctor put a contact in his eye, and now he cannot see out of that eye. Id. Plaintiff's doctor informed him that it would take several weeks to heal, and he was scheduled for a third surgery in August 2022. Id.
> Plaintiff next contends that he has been transferred to fifteen prisons and that he must restart the process of seeking medical treatment each time he is transferred to a new facility. Id. He claims these transfers are retaliation due to Plaintiff filing 602 appeals, other

3

|   |   |
|---|---|
| 1 | documents, and his medical issues and treatment. Id. |
| 2 | According to Plaintiff, there are no toilets on the yard at SVSP. Id. Plaintiff alleges he is "D.D.P" and "D.P.W", and that toilets are necessary for inmates, like Plaintiff, in wheelchairs and walkers. Id. |
| 3 | The fourth allegation made by Plaintiff regards Defendant Martinez mistakenly giving Plaintiff's specialized meals to another |
| 4 | inmate. Id. Plaintiff claims that this had an adverse effect on his health and well-being. Id. |
| 5 | Plaintiff's next claim appears to be a quotation from a "10/22/03 memorandum titled Equally Effective Communication |
| 6 | (Revised)." See id. at 4. Plaintiff does not place the memorandum in context and does not make any allegations about the memorandum, though |
| 7 | he states not getting a response as how he was injured. |
|   | The final claim alleged by Plaintiff is in regard to David B. |
| 8 | Kaye, an alleged eye doctor who is not named as a defendant in Plaintiff's claim. Id. at 5. When Plaintiff went to see Dr. Kaye, the doctor told |
| 9 | Plaintiff to "put [his] mask on, we don't want to get monkey pox." Id. Plaintiff contends this was a racial slur that made him uncomfortable. Id. |
| 10 | at 6. |

11   ECF No. 79, pgs. 2-3 (third screening order).

12   The Court identified the following legal claims suggested by the facts alleged: (1)

13   medical care; (2) retaliation; (3) prison conditions; and (4) harassment. See id. at 4-10. Plaintiff

14   was advised of the legal principles associated with these theories and the defects in Plaintiff's

15   pleading. See id. The Court also advised Plaintiff once again of the causal link requirement, and

16   special rules for supervisory personnel. See id. at 11-12. Plaintiff's second amended complaint

17   was dismissed with leave to amend.

18        **B.        Designation of Operative Pleading**

19   After a somewhat tortured procedural history following dismissal of the second

20   amended complaint, which is outlined in the Court's most recent order in this case and not

21   repeated here, on May 9, 2024, the Court granted Plaintiff a final 30-day extension of time to file

22   a third amended complaint. See ECF No. 98. On May 17, 2024, Plaintiff filed what has been

23   docketed as Plaintiff's "Third Amended Complaint." See ECF No. 99. On June 13, 2024,

24   Plaintiff filed what has been docketed as Plaintiff's "Fourth (entitled Third) Amended Complaint."

25   See ECF No. 100. On July 18, 2024, Plaintiff filed what has been docketed as Plaintiff's "Fifth

26   (entitled Third) Amended Complaint." See ECF No. 103.

27   / / /

28   / / /

Upon review of these filings the Court finds that the filing at ECF No. 99 is not in fact an amended complaint. Rather, it is a one-page document with various attachments in which Plaintiff alleges excessive prison transfers and retaliation. He also states that he does not know how to file an amended complaint in compliance with the Court's latest order, though as discussed below, Plaintiff's subsequent filings belie that assertion. Because it appears that Plaintiff's filing at ECF No. 99 has been inadvertently entered onto the docket incorrectly, it will be disregarded as an amended pleading.

The filing at ECF No. 100 appears to what Plaintiff intends as his operative third amended complaint. This filing consists of the Eastern District of California form complaint for state prisoners in civil rights cases, with an attached type-written document, referred to in the form, entitled "Plaintiff's Third Amended Complaint." In this attached document, Plaintiff specifically states: "Plaintiff Carl Foust submits an a [sic] third amended complaint, as compliance with the Court's May 9, 2024, order." The attached pleading is signed by Plaintiff on June 7, 2024. Additional documents relating to the prison grievance process are attached. The Court designates the filing at ECF No. 100 to be the operative third amended complaint, the sufficiency of which will be discussed below.

The filing at ECF No. 103 consists of the same type-written pleading, signed June 7, 2024, attached to the filing at ECF No. 100. No documents are attached to the filing at ECF No. 103. Because this filing is duplicative of the filing at ECF No. 100, and because it is an amended pleading filed without leave of Court, it will be stricken.

### C. Plaintiff's Current Allegations

In the operative third amended complaint, Plaintiff names the following as Defendants: (1) CMF; (2) the California Department of Corrections and Rehabilitation (CDCR); (3) Trent Allen, Warden; (4) Sui Quineoa, M.D.; and (5) O. Bright, M.D.; (6) Aqualian, M.D.; (7) A. Martinez; and (8) Kahlon, M.D. See ECF No. 100, pgs. 1, 2, 3, 9. As reflected by review of Plaintiff's prior pleadings, summarized above, and the operative third amended complaint, the defendants named, and claims alleged, have varied with subsequent amendments.

///

1          Plaintiff's current factual allegations, which in some respects bear resemblance to Plaintiff's prior allegations, and in other ways do not, are set forth in the type-written attachment to Plaintiff's third amended complaint, to which the form portion refers. See id. at 10-11. Plaintiff states that he was injured in two separate bus accidents while in CDCR custody in 2008 and 2013. See id. at 10. As a result of his injuries, Plaintiff is now confined to a wheelchair. See id. According to Plaintiff, he subsequently filed various prison grievances related to lack of medical care, retaliation, and failure to protect. See id.

          Next, Plaintiff alleges that he was retaliated against for filing the above-referenced grievances and subjected to what he says is referred to in "corrections parlance" as "diesel therapy." Id. This appears to relate to vehicle transfers, which Plaintiff claims were authorized by CDCR policymakers and officials. See id.

          Next, Plaintiff states that his medical issues were ignored upon his transfer to SVSP. See id. He does not provide any dates associated with this allegation, and the third amended complaint indicates Plaintiff was housed at CMF when it was filed on June 13, 2024. See id. at 1.

          Next, Plaintiff claims that, while performing a dental procedure on Plaintiff in February 2022, an unnamed prison dentist caused an object to strike and injure Plaintiff's left eye. See id. at 11. Plaintiff states that he suffered a "dislocated eye lens." Id.

          Plaintiff next states that he participates in the "Developmental Disability Program," and that he is significantly impacted in his ability to understand and communicate with others. Id. He also states that his mobility is limited. See id. Plaintiff states that, while at Salinas Valley State Prison, he was denied toilet facilities in 2022. See id.

          Next, Plaintiff states that he was told by Dr. Aguillar, who is not named as a defendant, that each time he attempted to schedule an appointment for Plaintiff, "the system would [kick back] the requests with no [e]xplanation as to why." Id. (brackets in original). Plaintiff claims this led to complications with his health. See id.

/ / /

/ / /

6

1    Next, Plaintiff claims that Defendant Aqualian prescribed him the wrong blood
2 pressure medication on June 24, 2022, which led to Plaintiff being taken to an outside hospital for
3 emergency treatment.  See id.
4    Finally, Plaintiff claims that Defendant Kahlon failed to treat Plaintiff's serious
5 medical needs on February 5, 2018, by denying him a neck brace.  See id.  Plaintiff also claims
6 that Defendant Kahlon interfered with other medical staff who were helping Plaintiff with his
7 medical needs.  See id.

## II.  DISCUSSION

The Court finds that Plaintiff's operative third amended complaint suffers a number of defects, as explained in more detail below.  In summary:

   1.    Plaintiff names CMF and CDCR as defendants despite prior advisement that they are immune under the Eleventh Amendment. The Court will recommend that CMF and CDCR be dismissed from the action with prejudice as immune.

   2.    Plaintiff names Trent Allen, Sui Quineoa, O. Bright, and A. Martinez as defendants – some of whom supervisory officials – though Plaintiff's third amended complaint contains no allegations as to these individuals.  The third amended complaint, therefore, fails to establish the necessary causal link between these defendants and any alleged violation of Plaintiff's rights.  Plaintiff has also been previously advised of this pleading requirement.  The Court will recommend that these defendants be dismissed with prejudice for failure to state a claim.

   3.    Plaintiff claims against Defendants Aqualian and Kahlon appear to arise from negligence and/or a difference in medical opinion and, as such, are not cognizable under § 1983.

### A.   **Eleventh Amendment Immunity**

As has been previously explained, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama

7

v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Here, Plaintiff names CMF and CDCR as defendants. CDCR is the state's agency responsible for corrections and incarceration, and CMF is an arm of CDCR. As such, both are immune from suit and should be dismissed with prejudice.

### B.      Causal Link

As Plaintiff has also been previously advised, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey, 673 F.2d at 268. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff names Trent Allen, Sui Quineoa, O. Bright, and A. Martinez as defendants. Defendant Allen is alleged to be a supervisory official. The third amended complaint, however, contains no factual allegations whatsoever as to any of these individuals and, thus, fails to establish the required causal link to claimed violation of Plaintiff's rights. Plaintiff has previously been advised of the causal link requirement and it appears that this persistent defect is not going to be cured through further amendment.

**C.    Medical Care**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to

provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health.  See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

Plaintiff alleges that Defendant Aqualian prescribed the wrong blood pressure medication on June 24, 2022, and that Defendant Kahlon failed to treat his medical needs by denying a neck brace on February 5, 2018.  Plaintiff further claims that Defendant Kahlon interfered with other medical staff who were assisting with Plaintiff's medical needs.

These claims are too vague to allow the Court to determine whether the elements outlined above have been adequately alleged.  As to Plaintiff's claim of interference by Defendant Kahlon, Plaintiff fails to specify how the interference occurred, when, or under what circumstances.  It is thus impossible for the Court to even infer that Defendant Kahlon acted with the necessary deliberate indifference.  Further, absent further specificity, the Court cannot determine whether the alleged interference related to a medical need sufficiently serious to meet

the objective prong.

As to Plaintiff's claims that Defendant Aqualian provided the wrong medication and that Defendant Kahlon failed to provide a neck brace, these allegations are similarly too vague. Specifically, it appears that they are based on a difference of medical opinion as to the need for a neck brace and negligence as to medication. As with Plaintiff's claim of interference, Plaintiff has not alleged facts which would allow the Court to infer that Defendants Aqualian and Kahlon were deliberately indifferent.

Because Defendants Aqualian and Kahlon are newly named in the third amended complaint, the Court is willing to grant Plaintiff a final opportunity to amend his pleading as to these two defendants only insofar as Plaintiff provides clarification to the specific claims against these defendants as asserted in the current third amended complaint. Plaintiff will not be permitted to add new claims and/or defendants.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between

each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Based on the foregoing, the undersigned hereby orders and recommends as follows:

1. It is RECOMMENDED that Defendants CMF and CDCR be dismissed with prejudice as immune under the Eleventh Amendment.

2. It is RECOMMENDED that Defendants Trent Allen, Sui Quineoa, O. Bright, and A. Martinez be dismissed with prejudice for failure to state a claim.

3. It is ORDERED that Plaintiff's filing at ECF No. 100, is designated as the operative third amended complaint and that the Clerk of the Court is directed to update the docket accordingly.

4. It is ORDERED that Plaintiff's filing at ECF No. 99 is disregarded.

5. It is ORDERED that Plaintiff's filing at ECF No. 103 is stricken.

6. It is ORDERED that Plaintiff's third amended complaint is dismissed with leave to amend.

7. It is ORDERED that Plaintiff shall file a fourth amended complaint limited to his remaining claims against Defendants Aqualian relating to medical prescribed in June 2022 and Defendant Kahlon relating to denial of a neck brace in February 2018 and interference with medical treatment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.

Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE